KATHLEEN JONES, ADMINISTRATRIX OF LETTIE JONES, v. S. J. STANCIL,
W. L. DUPREE, L. J. PENNY AND MRS. L. J. PENNY.

(Filed 26 March, 1930.)

**Master and Servant D b—Where lessee was to use lessor's truck only
during day, lessor is not liable for injury caused by defective lights.**

> Where under the terms of a lease the lessee was to use the lessor's
> automobile truck only during the day, the lessor is not liable in damages
> to a third person for an injury caused by defective lights thereon while
> the lessee was driving the truck at night in violation of the terms of the
> agreement.

APPEAL by plaintiff from *Lyon, Emergency Judge,* January Special
Term, 1930. From WAKE. Affirmed.

*Thos. W. Ruffin for plaintiff.*
*Robert N. Simms for L. J. Penny and Mrs. L. J. Penny.*

PER CURIAM. The defendant Stancil rented a farm owned by Mrs.
L. J. Penny for the year 1929. The rental contract was made by
Stancil and L. J. Penny, who represented his wife in the transaction.
Penny was to furnish the land, the stock, and one-half the fertilizer.
Stancil was to furnish the labor, and the crop was to be divided between
them. Stancil hired a Ford truck from Penny in which Stancil hauled
cotton pickers to and from the farm. On 19 October, 1928, a collision
occurred between the truck, which was driven by Stancil, and a Ford
coupe, which was driven by W. L. Dupree. The plaintiff's intestate was
injured by the collision and within a short time she died from the
effects of her injury. The plaintiff brought suit to recover damages for
her wrongful death. At the close of her evidence her counsel admitted
that she had no cause of action against Dupree; the judge dismissed the
action against L. J. Penny and his wife, and the plaintiff took a volun-
tary nonsuit as to Stancil.

The plaintiff contends that there was error in ordering a nonsuit as to
L. J. Penny. The contention is based upon the theory that Penny
owned the truck; that he knew it had no lights; that it could not be
safely operated at night; and that the owner is liable for injuries caused
by the negligence of the lessee. It is needless to consider this proposi-
tion of law for the reason that the plaintiff's evidence shows that accord-
ing to the agreement between Penny and Stancil the truck was to be
operated only in daytime when there would be no occasion for using the
lights. If Stancil was negligent in operating the truck in breach of his
agreement his negligence cannot be imputed to Penny, who contracted
to prevent the negligence which resulted in the intestate's injury.

Judgment affirmed.